Martin T. GOODWIN,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 78–5402.

United States Court of Appeals,
Sixth Circuit.

Argued April 11, 1979.

Decided May 4, 1979.

Rehearing Denied Aug. 2, 1979.

Philip Huddleston, Bowling Green, Ky., for petitioner-appellant.

Albert Jones, U. S. Atty., James H. Barr, Ann Nunn, Louisville, Ky., Patty Merkamp Stemler, U. S. Dept. of Justice, Washington, D.C., for respondent-appellee.

Before EDWARDS, Chief Judge, MERRITT, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Defendant, aged 18 in 1970, pleaded guilty to violation of the Dyer Act, 18 U.S.C. § 2312 (1976), and was sentenced by the late District Judge Swinford to a year and a day in federal prison. The Government concedes that the District Judge did not specifically find that "the youth offender will not derive benefit" from the procedures set out in the Youth Corrections Act, 18 U.S.C. § 5010(d). The defendant served his term, and has moved to vacate his sentence on the grounds that the youth offender option was not specifically considered by the District Judge as required by *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), and *Brooks v. United States,* 497 F.2d 1059, *mod.* 531 F.2d 317 (6th Cir. 1974). The defendant claims that he now suffers from the stigma of a felony record which he might not have had if the District Judge had sentenced him under the Youth Corrections Act. *See* 18 U.S.C. § 5021(a) (1976). The District Court denied defendant's motion on the ground that *Dorszynski* and *Brooks* do not apply retroactively, and, therefore that the adult sentence was not illegal. We reverse.

In our view, the issue presented in this case is not truly a question of retroactivity. The clear wording of the Youth Corrections Act states that "If the court *shall find* that the youth offender will not derive benefit from treatment" as a youth "then the court may sentence the youth offender" as an adult. 18 U.S.C. § 5010(d) (1976) (emphasis added). The Act read thus in 1970 when the defendant was sentenced, and the Supreme Court's opinion in *Dorszynski* and ours in *Brooks* merely applied the clear wording of the statute. Neither case overruled any existing precedent which had allowed sentencing judges not to make the specific findings required by the Youth Corrections Act. Therefore, the requirement that a sentencing judge can only sentence a youth offender as an adult after first specifically finding that he would receive no benefit from treatment in a youth facility was as much the law in 1970 as it is today. *Accord, Walls v. United States,* 544 F.2d 236 (5th Cir. 1976) (*per curiam*); *McCray v. United States,* 542 F.2d 1246 (4th Cir. 1976) (*per curiam*); *Brager v. United States,* 527 F.2d 895 (8th Cir. 1976) (*en banc*). *See also McKnabb v. United States,* 551 F.2d 101, 105 (6th Cir. 1977).

Accordingly, the adult sentence imposed on defendant was illegal and must be vacated. The case will be remanded to the District Court to consider whether the defendant would have benefited from treatment as a youth and not as an adult. If it is determined that the defendant would have benefited from treatment under the Youth Corrections Act, then the District Court shall consider any further relief justice requires.

## ORDER DENYING PETITION FOR REHEARING

The United States petitions this Court pursuant to Rule 35(b), Fed.R.App.P., for a rehearing of our earlier order in which we vacated as illegal petitioner's adult sentence imposed under the Dyer Act, 18 U.S.C. § 2312 (1976), because the District Court did not first make the record finding required by 18 U.S.C. § 5010(d) and *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), that petitioner would not benefit from treatment under the Youth Corrections Act for which he was eligible. The government claims for the first time that we lacked jurisdiction to vacate petitioner's sentence. The petition for rehearing is denied. We take this op-

portunity to address briefly the government's attack upon our jurisdiction to correct sentencing errors of this nature.

We agree with the government that petitioner was precluded from seeking relief under 28 U.S.C. § 2255 (1976). Petitioner had already served the year and a day prison term originally imposed by the District Court, and § 2255 may be used "only to attack a sentence under which a prisoner *is* in custody." *Heflin v. United States*, 358 U.S. 415, 420, 79 S.Ct. 451, 454, 3 L.Ed.2d 407 (1959) (concurring opinion of Stewart, J.) (emphasis supplied). But we strongly disagree that petitioner had no other recourse. Rule 35 of the Federal Rules of Criminal Procedure provides that an "illegal" sentence may be corrected at any time. *Dorszynski* construed 18 U.S.C. § 5010(d) to require the sentencing court to make an explicit record finding that a youth offender "will derive no benefit" from sentencing under the Youth Corrections Act as a condition precedent to the valid imposition of an adult sentence. The failure of the District Court to satisfy that condition rendered petitioner's sentence "illegal" within the meaning of the Rule, and, accordingly, we had jurisdiction under the Rule to correct the error.

The government's argument to the contrary begins with the fundamental proposition that a sentencing court has unreviewable discretion to impose a sentence which falls within the limits prescribed by statute. *See, e. g., Gore v. United States*, 357 U.S. 386, 393, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958). It necessarily follows, according to the government, that petitioner's year and a day sentence was "legal" because it fell within the range allowed by the Dyer Act. The District Court's failure to make the explicit "no benefit" finding required by *Dorszynski* was merely a "procedural" default, since the court had at least been informed of petitioner's possible eligibility for Youth Corrections sentencing. Thus, the government concludes, petitioner received a "legal" sentence that was, at worst, imposed in an illegal manner. Under Rule 35, legal sentences "imposed in an illegal manner" may be corrected only within 120 days of final judgment, a period which had long since expired when petitioner commenced the instant challenge to his sentence.

We think the government misreads *Dorszynski*. The argument goes wrong on its very first step when it asserts that petitioner's sentence was "legal" because within the limits prescribed by the Dyer Act. The Youth Corrections Act, not the Dyer Act, is the relevant statute. The defendant in *Dorszynski* had also received a sentence within the range permitted under the statute he had violated, 21 U.S.C. § 844(a). But the question for decision in *Dorszynski*, as framed by the Court, was "whether the sentence imposed . . . was permitted under § 5010(d) of the [Youth Corrections] Act." 418 U.S. at 432, 94 S.Ct. at 3047, 41 L.Ed.2d at 862. As we read the Court's answer to that question, there can be no valid sentencing of a youth offender under the penalty provisions of a criminal statute until the youth corrections option has been considered and rejected.

The government's further suggestion that the *Dorszynski* error here was "procedural" and not "substantive," because the sentencing court had at least been apprised of the applicability of the Act, is similarly misconceived. The same argument was made to the Court in *Dorszynski*, and we are bound to give the same reply: We cannot assume that the error was not substantive since, without a "no benefit" finding on the record, there is no assurance that such a finding was ever made.

The government relies heavily upon language in the *Dorszynski* opinion to the effect that "[t]he 'no benefit' finding required by the Act is not to be read as a substantive standard which must be satisfied to support a sentence outside the Act . . . .." 418 U.S. at 441, 94 S.Ct. at 3052, 41 L.Ed.2d at 867. Read in context, the language does not support the government's view. The Court made this observation only by way of rejecting Dorszynski's argument that the "no benefit" finding required by § 5010(d) must be accompanied by

a statement of supporting reasons to facilitate appellate review of the soundness of the finding. The Court concluded that a statement of supporting reasons was not required because "the Act was not in any way intended to *circumscribe the discretion* of sentencing courts." 418 U.S. at 442, 94 S.Ct. at 3052, 41 L.Ed.2d at 868 (emphasis supplied). But at the same time the Court made clear that a "no benefit" finding was mandatory "to insure that the sentencing judge *exercised his discretion.*" 418 U.S. at 443, 94 S.Ct. at 3052, 41 L.Ed.2d at 868 (emphasis supplied). In other words, an adult sentence imposed upon a youth offender is unlawful unless the sentencing court has at least exercised its discretion as required by § 5010(d), although the substantive outcome of that exercise is not subject to review. *Dorszynski* holds that evidence of compliance with § 5010(d) must be in the form of an explicit "no benefit" finding.

Rehearing denied.