

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-1998

# Morel v. INS

Precedential or Non-Precedential:

Docket 95-3271

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation
"Morel v. INS" (1998). *1998 Decisions.* Paper 105.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/105

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 11, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 95-3271

ELEAZAR MOREL,
      Petitioner

v.

IMMIGRATION AND NATURALIZATION SERVICE,
      Respondent.

On Petition for Review of an
Order of the Board of Immigration Appeals
(INS No. A42-267-305)

Argued March 25, 1996
Reargued April 3, 1997

Before: SLOVITER, GREENBERG and ROTH,
Circuit Judges

(Opinion filed May 11, 1998)

Robert Frank, Esquire
60 Park Place
Suite 1304
Newark, NJ 07102

Lee Gelernt, Esquire (Argued)
Lucas Guttentag, Esquire
Laura Ho, Esquire
American Civil Liberties
 Union Foundation
132 West 43rd Street
New York, NY 10036

Attorneys for Petitioner

Frank W. Hunger
Assistant Attorney General
David M. McConnell (Argued)
Senior Litigation Counsel/Assistant
 Director
Donald E. Keener, Esquire
Joan E. Smiley, Esquire
Linda S. Wendtland
Senior Litigation Counsel
William J. Howard, Esquire
Vernon B. Miles, Esquire
United States Department of Justice
Office of Immigration Litigation
Civil Division
Ben Franklin Station
P.O. Box 878
Washington, DC 20044

OPINION OF THE COURT

ROTH, Circuit Judge:

In this case, we reconsider a petition for review which was first filed on May 12, 1995, by Eleazar Jose Morel, a native and citizen of the Dominican Republic. The Immigration and Naturalization Service (INS) asks us to set aside our original opinion in this case in which we granted

Morel's petition challenging the Board of Immigration Appeals' (BIA) construction of S 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. S 1182(c). See Morel v. INS, 90 F.3d 833 (3d Cir. 1996). The INS now argues that the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214 (1996), applies here to foreclose our ability to entertain this petition and grant the relief Morel requests. Because we agree, we now vacate our original opinion. Consequently, the decision of the BIA affirming the immigration judge's denial of the applicability of S 212(c) to Morel from which appeal was taken to this Court, is final.

Although the limited factual record has already been set out in our previous opinion, we nonetheless provide a detailed procedural history because of the significance of the timing of the events leading up to this rehearing. These events were set in motion when Morel was arrested in New Jersey on August 24, 1991, and charged with possession of a controlled dangerous substance and possession of a controlled dangerous substance within 1000 feet of a school. On January 6, 1993, Morel was sentenced to four years in a New Jersey correctional facility, after pleading guilty to the first possession charge.1

While serving his sentence, Morel was served with an Order to Show Cause and Notice of Hearing by the INS. Upon completion of his sentence and his transfer to an INS detention facility in Oakdale, Louisiana, Morel was provided a hearing before an immigration judge. At the hearing held on January 17, 1994, Morel conceded that he had been convicted of a deportable offense, but sought discretionary relief pursuant to INA S 212(c). The immigration judge denied Morel's request, finding that he had accumulated insufficient residency to be eligible for discretionary relief and ordered him deported to the Dominican Republic. On April 10, 1995, the BIA affirmed the order and dismissed Morel's appeal.

_____

1. The charge of possession of a controlled dangerous substance within a 1000 feet of a school was dismissed, ostensibly as part of a plea agreement.

On May 12, 1995, Morel filed a petition for review in this Court. We ordered argument of the case on March 25, 1996. On July 26, 1996, a majority of this panel issued an opinion in which we concluded that the INS had erred in construing INA S 212(c) to impose a requirement of seven consecutive years domicile after he was admitted to the United States as a lawful permanent resident and in interpreting S 212(c) not to allow for the crediting of Morel's accumulated residency for the time that his mother proceeded him in the United States.2 Morel, 90 F.3d at 834.

We remanded Morel's case to the BIA for further proceedings. However, prior to any further action being taken before the agency, the INS submitted a Petition for Panel Rehearing in which the agency contended that AEDPA's passage on April 24, 1996, had divested us of jurisdiction to entertain Morel's petition for review. We ordered additional briefing and granted reargument to address this serious jurisdictional concern.

We agree that AEDPA divests this Court of jurisdiction.3
_____

2. Judge Greenberg filed a dissenting opinion. See Morel, 90 F.3d at 842-46.

3. Although the enactment of AEDPA pre-dated thefiling of our original opinion on July 26, 1996, the INS did not alert us to the possible defect in our jurisdiction until September 9, 1996. The government now candidly confesses that the failure to raise the issue sooner was an oversight on its part.

This case is unusually postured in that no jurisdictional challenge was advanced until after our merits opinion was filed. There is, however, no suggestion that we should not examine our jurisdiction for this reason. Indeed, we are obliged to investigate into our competence to hear a case regardless of the action or inaction of the parties:

    [N]o action of the parties can confer subject-matter jurisdiction upon
    a federal court. Thus, the consent of the parties is irrelevant,
    principles of estoppel do not apply, and a party does not waive the
    requirement by failing to challenge jurisdiction early in the
    proceedings. . . . [A] court, including an appellate court, will raise
    lack of subject-matter jurisdiction on its own motion. "[T]he rule,
    springing from the nature and limits of the judicial power of the
    United States is inflexible and without exception, which requires
    this court, of its own motion, to deny its jurisdiction, and, in the

4

In the case of aliens convicted of certain criminal offenses,
AEDPA S 440(a) removes from us jurisdiction to review a
claim of legal error in deportation proceedings.4 Morel does

_____

        exercise of its appellate power, that of all other courts of the
United
        States, in all cases where such jurisdiction does not affirmatively
        appear in the record."

Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,
456 U.S. 694, 702 (1982) (quoting Mansfield, C. & L.M.R. Co. v. Swan,
111 U.S. 379, 382 (1884) (citations omitted)).

This obligation applies with equal force to claims that we are without
jurisdiction because the action has become moot. North Carolina v. Rice,
404 U.S. 244, 246 (1971) ("the question of mootness is one . . . which
a federal court must resolve before it assumes jurisdiction"); Lusardi v.
Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992) ("Article III requires that
a plaintiff's claim be live not just when he first brings the suit but
throughout the entire litigation, and once the controversy ceases to exist
the court must dismiss the case for lack of jurisdiction.").

Thus, in keeping with these precepts, the past practice of this Court
and others has been to entertain jurisdictional challenges even when not
advanced until a petition for rehearing is filed. See In re Texas E.
Transmission Corp. PCB Contamination Ins. Coverage Litig., 15 F.3d
1230, 1234 (3d Cir. 1994) (addressing jurisdictional issues not raised
until petition for panel rehearing); see also Franchise Tax Bd. of the
State
of Calif. v. Construction Laborers Vacation Trust for S. Calif., 463 U.S.
1,
7 (1983) (same); Seatrain Shipbuilding Corp. v. Shell Oil Co., 444 U.S.
572, 579-80 (1980) (same); Goodwin v. United States, 602 F.2d 107,
108-110 (6th Cir. 1979) (addressing and refuting challenge to subject
matter jurisdiction in decision refusing to grant petition for panel
rehearing); Kelly v. Hartford Accident & Indemnity Co., 294 F.2d 400,
409 (5th Cir. 1961) (same). We therefore do not hesitate to take on this
issue here.

4. AEDPA S 440(a) amends INA S 106(a), 8 U.S.C. S 1105a(a), which
formerly designated the Courts of Appeals as the exclusive fora for
"judicial review of all final orders of deportation" except to the extent
that
limited additional judicial review was available via habeas corpus
proceedings, see INA S 106(a)(10). AEDPA S 440(a) supplants existing
paragraph (10) of Subsection (a) of INA S 106(a) with the following
language:

        Any final order of deportation against an alien who is deportable
by
        reason of having committed a criminal offense covered in section

not dispute that he was convicted of a deportable criminal offense covered in INA S 241(a)(2)(B)(I), 8 U.S.C. S 1251(a)(2)(B)(I). Thus, we conclude that AEDPA S 440(a) denies Morel the right to obtain review by an Article III court.5 The subsequent adoption by Congress of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Div. C of Pub. L. 104-208, 110 Stat. 3009 (1996) on September 30, 1996, further restructuring the deportation process, does not affect the outcome of this case.

Furthermore, although Morel asserts to the contrary, we do not see any deprivation of his rights which is of constitutional proportion. The INS concedes that S 440(a) does not preclude Article III court review of claims of "substantial Constitutional error." Resp. Supp. Br. at 20. Morel's claim here is not such a claim -- he has sought review of a question of law as we set out in our prior opinion, see Morel v. INS, 90 F.3d 833 (3d Cir. 1996), that is, whether in construing S 212(c)'s requirement of seven consecutive years domicile after one is admitted to the United States as a lawful permanent resident, one can get credit for the accumulated residency of one's parent who preceeded one in the United States. Additionally, relevant Supreme Court authority does not mandate judicial review

_____

        1251(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by
        section 1251(a)(2)(A)(ii) of this title for which both predicate offenses
        are covered by section 1251(a)(2)(A)(I) of this title, shall not be
        subject to review by any court.

AEDPA S 440(a). The pre-AEDPA INA S 106(a)(10) was repealed by AEDPA S 401(e).

5. The question of whether AEDPA S 440(a) applies retroactively has already been settled in this Circuit. In Salazar-Haro v. INS, 95 F.3d 309 (3d Cir. 1996), cert. denied, 117 S.Ct. 1842 (1997) a panel of this Court held that AEDPA S 440(a)'s amendment of INAS 106(a)(10) applies to petitions for review pending when AEDPA was enacted even though Congress included no effective date in the Act. We reasoned that no barrier exists to the application of AEDPA S 440(a) because "unlike situations where retroactivity would affect pre-existing rights, withdrawal
of jurisdiction, although realistically disrupting settled expectations, does
not preserve pending litigation." Id. at 311.

by an Article III court of questions of law underlying legislatively-created public rights such as immigration. See Crowell v. Benson, 52 S.Ct. 285 (1932) (drawing a distinction between public and private rights and listing immigration as an exemplar of a public right); see also Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 102 S.Ct. 2858 (1982); Commodity Futures Trading Commission v. Schor, 106 S. Ct. 3245 (1986).

To conclude, because Congress has divested us of jurisdiction to review matters falling within the purview of AEDPA S 440(a), we will vacate our prior opinion in this matter, see Morel v. INS, 90 F.3d 833 (3d Cir. 1996), and we will deny the petition for review.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit

7