ALITO, Circuit Judge,
concurring in part and dissenting in part:
I agree with LaGuerre v. Reno, 164 F.3d 1035, 1998 WL 912107 at *1-2 (7th Cir.1998), that Congress has eliminated the district courts’ jurisdiction to entertain habeas petitions such as the one at issue here. Before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (“AED-PA”), Pub.L. No. 104-132, 110 Stat. 1214, Section 106(a) of the Immigration and Nationality Act (“INA”), 8 U.S.C. § 1105a (a), provided that a petition for review filed in a court of appeals was, with a few specified exceptions, “the sole and exclusive procedure for ... the judicial review of all final orders of deportation.” One of the specified exceptions provided that “any alien held in custody pursuant to an order of deportation [could] obtain judicial review thereof by habeas corpus proceedings.” Section 106(a)(10) of the INA, 8 U.S.C. § 1105a(a)(10).
AEDPA changed this scheme. Section 401(e) of AEDPA, entitled “ELIMINATION OF CUSTODY REVIEW BY HABEAS CORPUS,” struck former subsection (10). Section 440(a) of AEDPA substituted the following language for the former text of that subsection:
Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are covered by section 241(a)(2)(A)(i), shall not be subject to review by any court.
In my view, the text of Section 106(a) as amended by AEDPA precluded the type of habeas proceeding that is now before us. After AEDPA, the introductory portion of Section 106(a) still provided that a petition for review by a court of appeals was “the sole and exclusive procedure for ... the judicial review of all final orders of deportation”; the exception previously set out in subsection (10), which permitted an alien held in custody pursuant to an order of deportation to obtain “judicial review” of that order by means of a habeas corpus proceeding, had been pointedly repealed in a statutory section labeled “ELIMINATION OF CUSTODY REVIEW BY HABEAS CORPUS”; and in the place of this previous exception, there was inserted language stating that such deportation orders “shall not be subject to review by any court.” These provisions are clear — they eliminated habeas jurisdiction — and it is therefore unnecessary to consider the effect of related provisions of the subsequently enacted Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104-208, 110 Stat. 3009 (1996), for whatever effect these provisions had, they most certainly did not restore the district courts’ jurisdiction to entertain the type of habeas petition that is at issue.
In concluding that AEDPA did not touch the district courts’ habeas jurisdiction, the majority invokes the principle that repeals of habeas jurisdiction should not be presumed. See Felker v. Turpin, 518 U.S. 651, 658-60, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). The majority then reasons that the amendment of Section 106(a)(10) did not affect the district courts’ habeas jurisdiction under a separate statutory provision, 28 U.S.C. § 2241. This interpretation, however, presents numerous problems. First, it ignores the plain meaning of INA Section 106(a), which, after AED- *243 PA, stated that — with a few, specified and non-pertinent exceptions — a petition for review by a court of appeals was “the sole and exclusive procedure for ... judicial review of all final orders of deportation.” Second, the majority’s interpretation ignores the heading of Section 401(e) of AEDPA, viz., “ELIMINATION OF CUSTODY REVIEW BY HA-BEAS CORPUS.” Third, the majority’s interpretation ignores the clear meaning of the new text that was placed in Section 106(a)(10), which stated unequivocally that final orders of deportation such as the one at issue here “shall not be subject to review by any court.” Fourth, the majority’s interpretation has the perverse effect of lengthening the process of judicial review of deportation orders based on the commission of a criminal offense.
The majority’s analysis is not supported by Felker, which concerned the meaning of 28 U.S.C. § 2244(b)(3)(E). This provision, which states that a court of appeals order granting or denying authorization to file a second or successive habeas application is not subject to review by means of a petition for rehearing or certiorari, does not state that the Supreme Court cannot review such an order in an original habeas proceeding, and the Court refused to conclude that § 2241(b)(3)(E) implicitly effected that result. Here, by contrast, Section 106(a) of the INA, as amended by AEDPA, expressly precluded a district court from exercising habeas jurisdiction under the circumstances present in this ease. Accordingly, in No. 98-1099, I would reverse the judgment of the District Court and remand with instructions to dismiss. This result does not implicate the Suspension Clause because any judicial review to which Sandoval is constitutionally entitled can and should be provided by means of a petition for review filed in our court.
Such a petition is before us in No. 98-3214. However, in Morel v. INS, 144 F.3d 248 (3d Cir.1998), another panel of our court, while recognizing that an alien subject to an order of deportation is entitled to “Article III review of claims of ‘substantial Constitutional error,’ ” held that such an alien is not constitutionally entitled to review of a nonconstitu-tional claim. Id. at 251. If Morel too narrowly construed the scope of the review to which a petitioner like Sandoval is constitutionally entitled, Morel should be overruled. The problem should not be compounded by authorizing the district courts to exercise a type of habeas jurisdiction that Congress curtailed. For present purposes, however, since Morel is binding on this panel, I agree with the majority that we must dismiss the petition insofar as it asserts non-constitutional claims. I add that, if we were free to reach the merits, I would follow the Seventh Circuit’s analysis in LaGúerre. I would also deny the petition insofar as' it asserts an equal protection claim. See LaGuerre, 164 F.3d at 1040-41, 1998. WL 912107 at *4-5.