

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-20-2008

# Ljubanovic v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4298

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ljubanovic v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1409.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1409

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATE COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 06-4298
_____

DZEVAT LJUBANOVIC,

Petitioner

v.

ATTORNEY GENERAL USA,

Respondent
_____

Petition for Review of an Order of the United States
Department of Justice Board of Immigration Appeals
(BIA No. A95-461-907)
Immigration Judge Annie S. Garcy
_____

Submitted Under Third Circuit LAR 34.1(a)
March 4, 2008

Before: BARRY, JORDAN, and HARDIMAN, *Circuit Judges.*

(Filed: March 20, 2008)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Dzevat Ljubanovic petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Because we conclude that we lack jurisdiction to review Ljubanovic's claims,[1] we will dismiss the petition for review.

I.    *Background*

Ljubanovic entered the United States on May 17, 2001. He filed an application for asylum, withholding of removal, and protection under the CAT in May 2002. On the application, Ljubanovic listed his nationality as Yugoslavian and his ethnicity as Albanian. As a matter of course, the application was forwarded to the Department of State for comment. In September 2004, following the formation of Serbia-Montenegro from portions of the former Yugoslavia, Ljubanovic filed a second supplemental application for relief. Unlike his first application, the second was not forwarded to the Department of State for comment.

In affidavits attached to his applications, Ljubanovic stated that the police arrested him in 1991 because he was an ethnic Albanian, held him for twenty-four hours, and beat him severely. He also stated that, beginning in 1992, the Yugoslavian military police attempted to conscript him to fight in Kosovo against other ethnic Albanians. According

---

[1]  We review questions of our own jurisdiction *de novo*. *Alaka v. Attorney General*, 456 F.3d 88, 94 n.8 (3d Cir. 2006) (citations omitted).

2

to Ljubanovic, he managed to avoid the military police until 1998, when they caught him and forced him to serve in the Yugoslavian army. Ljubanovic claimed that, prior to inducting him into the army, the military imprisoned him for several days, beat him, and threatened him with death. He alleged that the military then released him from prison, inducted him into the army, and forced him to perform hard labor. Ljubanovic further claimed that after eleven months of service, a friend, who is also Albanian, overheard officers planning to kill both of them because of their ethnicity. Ljubanovic stated that his friend stole a military stamp used to indicate when a draftee's term of service was completed, and he and his friend used the stamp to alter their military documents and then escaped. Ljubanovic's affidavits explained that he did not want to leave the United States because he feared that, if repatriated, he would be arrested as a deserter and persecuted and tortured by the police.

On March 31, 2005, the Immigration Judge ("IJ") held a hearing on Ljubanovic's applications. Ljubanovic was present and represented by counsel. At the hearing, he testified in accordance with his affidavits. The IJ denied all Ljubanovic's claims for relief. Ljubanovic filed a timely appeal to the BIA, which summarily affirmed the IJ's decision.[2] He then filed a timely petition for review with this Court.

---

[2] "Ordinarily, [we] review decisions of the ... [BIA] and not those of an IJ. When the BIA does not render its own opinion, however, and either defers or adopts the opinion of the IJ, [we] must then review the decision of the IJ." *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002) (citing *Abdulai v. Ashcroft*, 239 F.3d 542, 549 n.2 (3d Cir. 2001)).

*II.    Discussion*

In his petition for review, Ljubanovic argues that the IJ committed two legal errors which require a remand.  First, he argues that the IJ was required to send his supplemental asylum application to the Department of State for comment under 8 C.F.R. § 208.11(a), which provides that "[t]he Service shall forward to the Department of State a copy of each completed application it receives."  Second, he argues that the IJ applied an inappropriately high standard of proof to his CAT claim.[3]  According to Ljubanovic, he need not, as the IJ required, show that his torturer was "either a public official of his government or, in the alternative, someone working basically under some kind of official edict or some kind of sanctioned policy that the government has that results in such torture."  (Pet. Br. at 12 (citing Appx. at 55).)  Instead, he argues that under our decision in *Silva-Rengifo v. Attorney General*, 473 F.3d 58 (3d Cir. 2007), he need only show that "government officials remain[ed] willfully blind to torturous conduct and breach[ed] their legal responsibility to prevent it."  (Pet. Br. at 15 (quoting *Silva-Regnifo*, 473 F.3d at 70).)

We lack jurisdiction to address either of Ljubanovic's arguments.  Ljubanovic did not raise with the BIA his argument that the IJ was required to send his supplemental application for relief to the Department of State for comment.  In addition, although he referred very generally to the legal standards governing CAT claims in his argument

---

[3] Ljubanovic does not challenge the IJ's disposition of his asylum and withholding of removal claims in his brief.  Therefore, we will deem those claims waived.  *Alaka*, 456 F.3d at 94.

4

before the BIA, he did not refer in any way to his present contention that the IJ applied an incorrect legal standard to his CAT claim. We lack jurisdiction to address arguments in a petition for review which were not exhausted before the BIA.[4] 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right ... ."); *see also Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003) (holding that we do not have jurisdiction to review arguments not raised before the BIA because they are unexhausted).

Accordingly, we will dismiss the petition for review.

---

[4] In its brief, the government contends that Ljubanovic's argument that the IJ was required to send his second application to the Department of State for comment lies outside our jurisdiction because Ljubanovic did not raise it before the BIA. However, despite Ljubanovic's failure to raise his CAT argument before the BIA, the government addresses that argument on the merits. We conclude that both claims lie outside our jurisdiction because the government's failure to raise a jurisdictional challenge cannot waive a jurisdictional defect. *Morel v. INS*, 144 F.3d 248, 251 n.3 (3d Cir. 1998) (explaining that "a party does not waive [a jurisdictional defect] by failing to challenge jurisdiction early in the proceedings....[A] court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion.") (citations omitted).