

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-24-2008

# Ilic v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1024

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ilic v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1334.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1334

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1024
_____

SANDA ILIC,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

Petition for Review of an Order of the United States
Department of Justice Board of Immigration Appeals
(BIA No. A98-690-026)
Immigration Judge Annie Garcy
_____

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2008

Before:  SLOVITER, JORDAN, and ALARCON*, *Circuit Judges.*
_____

(Filed: April 24, 2008)
_____

OPINION OF THE COURT
_____

_____
    *Honorable Arthur L. Alarcon, Senior Judge, United States Court of Appeals for the
Ninth Circuit, sitting by designation.

JORDAN, *Circuit Judge*.

Sanda Ilic petitions for review from the final order of the Board of Immigration Appeals ("BIA") denying her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). For the following reasons, we will deny Ilic's petition for review.

I.     Background

Ilic is a native of Serbia and a citizen of Croatia. Her family was forced to move to Croatia in 1992 as a result of war in what was then Yugoslavia. According to Ilic, in January 2002, as she was walking home, two men in a car attempted to engage her in conversation. She ignored them, but they persisted. They eventually forced her into their car and took her to an apartment where she was repeatedly raped. During the abduction, these unknown individuals allegedly referred to Ilic as a "Serbian whore," which she claimed was because she speaks with a Serbian accent. (Joint Appendix ["JA"] at 113.)

Ilic was able to escape and returned to her family. She and her father went to the local police station and reported the incident. Later that evening, her father received a threatening phone call from an unknown individual stating that he knew about the police report and that making the report "wasn't a smart move." (JA at 117.) When her father attempted to follow up with the police several days later, they were unhelpful and told him not to call back. Ilic's father then arranged for her to move to another city in Croatia to live with relatives, where she stayed for six months.

2

In June of 2002, Ilic moved to the United States to work as an au pair. While here, she worked for twelve months and then attended college for approximately one year. Her visa then expired, but she did not leave the country. In February 2005, Ilic received a notice to appear in removal proceedings. At the hearing, she conceded that she was removable but requested relief in the form of asylum, withholding of removal, and relief under the CAT.

The Immigration Judge ("IJ") denied each of Ilic's requests for relief. Her application for asylum was denied because it was time barred under Section 208 of the Immigration and Nationality Act. The IJ denied Ilic's application for withholding of removal because she was unable to identify the persons that attacked her, and, therefore, was unable to connect them to the Croatian government. Furthermore, the IJ concluded that the record contained no evidence demonstrating that Ilic was specifically targeted by her abductors. Although she claimed that the attackers targeted her based on her Serbian accent, the fact that they approached Ilic prior to her speaking to them made it "virtually impossible for [Ilic] to establish a clear likelihood of persecution should she return to Croatia." (JA at 54-55.) While the record contained evidence of ongoing conflict between Serbians and Croatians, and demonstrated problems with the trafficking of women, the IJ concluded that there was no evidence to show that the crime against Ilic was anything more than the violence that women around the world have unfortunately come to commonly fear. Ilic's claim was also contradicted by evidence that she could

3

relocate within the country without incident, as her family had relocated to another city in Croatia without being bothered, and as Ilic had spent six months without harm in another part of Croatia following the attack. Finally, the IJ denied Ilic's request for relief under the CAT because she was unable to show any fear of torture at the hands of the government, as "police refusal to take up prosecution in a case, although corrupt and reprehensible, is not an act of torture." (JA at 48.)

On appeal, the BIA adopted and affirmed the decision of the IJ.[1] The BIA concluded that, "even accepting [Ilic's] testimony as wholly credible, [she] failed to establish that it is more likely than not she will be persecuted on account of a protected ground or tortured if returned to Croatia." (JA at 2.) The BIA noted that Ilic was unable to identify her abductors, or to connect them to the police department or the Croatian government. Further, the BIA determined that Ilic's claims were contradicted by the following facts: (1) following her abduction, she remained in Croatia for a period of six months, living with relatives in another city without harm; (2) neither her attackers, nor the police, sought to harm Ilic in her home after she was abducted; and (3) Ilic returned to Croatia to visit her family while on vacation in 2003 and experienced no problems.

Ilic appeals the BIA's decision adopting and affirming the holding of the IJ.

---

[1] Ilic did not appeal the IJ's denial of her untimely asylum application.

4

II.    Discussion

On appeal, Ilic raises three challenges to the BIA's decision.[2]  First, she asserts that this Court must remand the matter because the IJ failed to forward Ilic's asylum application to the Department of State as required by 8 C.F.R. § 1208.11(a).  However, Ilic never raised this issue before the IJ, or on appeal to the BIA.  "An alien must exhaust all administrative remedies available to him as of right before the BIA as a prerequisite to raising a claim before this Court."  *Joseph v. Attorney General*, 465 F.3d 123, 126 (3d Cir. 2006) (citing 8 U.S.C. § 1252(d)(1)).  Because Ilic failed to raise before the BIA the issue of the IJ's failure to submit her application to the State Department, this Court is without jurisdiction to consider her argument.

Second, Ilic argues that the BIA's decision to deny her request for withholding of removal was not based on substantial evidence.  "The threshold for establishing eligibility for withholding of removal is higher than that for establishing entitlement to asylum and requires the alien to demonstrate a 'clear probability' that, upon removal to the country of origin, his or her 'life or freedom  would be threatened on account of one of the statutorily

---

[2] We have jurisdiction over a petition for review from a final order of removal pursuant to 8 U.S.C. § 1252(a)(1).  Ordinarily, the final order that we review is that of the BIA. *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).  However, "[w]here an opinion issued by the BIA essentially adopts the opinion of the IJ, we review the latter." *Wang v. Attorney General*, 423 F.3d 260, 267 (3d Cir. 2005).  Also, where the BIA issues a brief opinion, but "relies heavily on the opinion of the IJ ... we will review the IJ's ... opinion to the extent that the BIA relied upon [it]." *Id.*  We uphold factual determinations if supported by substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), and only reverse them if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

5

enumerated factors.'" *Obale v. Attorney General*, 453 F.3d 151, 161 (3d Cir. 2006) (quoting *Senathirajah v. INS*, 157 F.3d 210, 215 (3d Cir. 1998)).  Here, the BIA agreed with the IJ that, even accepting Ilic's testimony as credible, she "failed to establish that it is more likely than not she will be persecuted on account of a protected ground ... if returned to Croatia." (JA at 2.)  The IJ noted that there is no evidence that Ilic was targeted by the attackers.  Rather, she was approached by them even before she said anything that might have revealed her Serbian accent.  Furthermore, the BIA found that the fact that Ilic was able to relocate within Croatia without experiencing further problems, and even returned to Croatia on vacation without harm, rendered her claim insufficient for the purposes of meeting the standard for withholding of removal.  Here, substantial evidence supports the BIA's conclusion that Ilic failed to establish a clear probability that she will be persecuted if returned to Croatia.

Finally, Ilic argues that the BIA's decision to deny her request for relief under the CAT was not supported by substantial evidence.  "To qualify for relief under the CAT, an applicant for relief bears the burden of proving through objective evidence that 'it is more likely than not' that [she] would be 'tortured' in the country to which the applicant would be removed." *Obale*, 453 F.3d at 161 (quoting *Wang v. Ashcroft*, 368 F.3d 347, 349 (3d Cir. 2004); 8 C.F.R. § 1208.16(c)(2)).  The torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).  The BIA agreed with the IJ that

6

Ilic "failed to establish that it is more likely than not she would be ... tortured if returned to Croatia" (JA at 2), but we look to the opinion of the IJ to determine if that conclusion is based on substantial evidence. *Wang*, 423 F.3d at 267. The IJ decided that Ilic had failed to establish eligibility for relief under the CAT for two reasons. First, she could not identify her attackers and, thus, was unable to demonstrate a connection between them and the police department. Second, the mere fact that the police refused to consider her case did not constitute an act of torture. We agree and conclude that the determination that Ilic has failed to establish eligibility for relief under the CAT is based on substantial evidence in the record.

III.    Conclusion

For the foregoing reasons, we will deny Ilic's petition for review.