**KAI–RUI PAN, Cheng Yu Zhang, Petitioners,**

v.

**Michael B. MUKASEY,[1] Respondent.**

**Nos. 07–3360–ag (L), 07–3364–ag (Con).**

United States Court of Appeals, Second Circuit.

June 18, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for- mer Attorney General Alberto R. Gonzales as the respondent in this case.

H. Raymond Fasano, Madeo & Fasano, (Donald F. Madeo, on the brief) New York, NY, for petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Carol Federighi, Senior Litigation Counsel, Yamileth G. HandUber, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for respondents.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Kai–Rui Pan and Cheng Yu Zhang, natives and citizens of the People's Republic of China, seek review of a July 9, 2007, order of the BIA summarily affirming the August 23, 2005, decision of Immigration Judge ("IJ") Adam Opaciuch denying their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Kai–Rui Pan,* Nos. A97 976 333 (B.I.A. July 9, 2007), *aff'g In re Kai–Rui Pan/Cheng Yu Zhang,* Nos. A97 976 333/97 970 362 (Immig. Ct. N.Y. City Aug. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007).

However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

As an initial matter, we decline to consider the petitioners' argument that the government's failure to forward their asylum applications to the Department of State requires remand. Petitioners did not exhaust that argument before the BIA, and the government has asserted their failure to exhaust as an affirmative defense. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1 (2d Cir. 2007). Moreover, we deem the petitioners' CAT claim abandoned, as they have not raised that claim in their brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

### I. Asylum

■ We conclude that the IJ properly found that the petitioners were ineligible for asylum because they had been firmly resettled in Brazil. *See* 8 U.S.C. § 1158(b)(2)(A)(vi); 8 C.F.R. § 208.13. To determine whether an individual has been firmly resettled in another country, this Court applies a "totality of the circumstances" test that considers the conditions of the individual's sojourn in that country. *See Sall v. Gonzales,* 437 F.3d 229, 233 (2d Cir.2006). In this case, the IJ's finding that the petitioners had been firmly resettled in Brazil was supported by substantial evidence, given that there was evidence in the record to support his finding that petitioners were able to travel freely in Brazil, live where they wanted to live, and that they had legal status in Brazil and may have eventually been eligible to obtain naturalization. A letter from the Brazilian

Embassy indicates that the identification cards issued to the petitioners were given "to non-Brazilians who possess a valid *permanent* residence visa (emphasis added)." Additionally, a document in the record titled, "Brazilian Citizenship through Naturalization," indicates that the petitioners could have applied for Brazilian citizenship through naturalization. Given the totality of the circumstances as set forth in the record, the IJ did not err in concluding that the petitioners were firmly resettled in Brazil and were ineligible for asylum. *See Sall,* 437 F.3d at 233; 8 U.S.C. § 1158(b)(2)(A)(vi).

## II. Withholding of Removal

■ We conclude that the IJ did not err in denying the petitioners' application for withholding.[2] The IJ properly found that the petitioners did not suffer past persecution, as neither Zhang nor Pan described a forced abortion.[3] Under BIA precedent, which petitioners do not challenge, an abortion is "forced" within the meaning of the refugee definition only if "the threatened harm for refusal would, if carried out, be sufficiently severe that it amounts to persecution." *See In re T–Z–,* 24 I. & N. Dec. 163, 169 (BIA 2007). Here, the petitioners correctly argue that economic deprivation may rise to the level of persecution. *See Mirzoyan v. Gonzales,* 457 F.3d 217 (2d Cir.2006) (remanding for the BIA to articulate a uniform standard for economic persecution); *see also In re T–Z–,* 24 I. & N. Dec. at 173 (finding that government sanctions that reduce an individual to an impoverished existence may constitute persecution). However, they have failed to establish that the economic harm that they faced would have resulted in sufficiently severe economic deprivation, as the record contains no information regarding their finances in China, their net worth, their resources, and their ability to find other work. *See Guan Shan Liao v. U.S. Dep't. of Justice,* 293 F.3d 61, 70 (2d Cir. 2002). Without such information in the record, we cannot conclude that the IJ erred in finding that the petitioners failed to establish past persecution. *See In re T–Z–,* 24 I. & N. Dec. at 173; *see also Xiu Fen Xia v. Mukasey,* 510 F.3d 162, 166 (2d Cir.2007).

■ Moreover, the IJ did not err in denying withholding of removal as the petitioners failed to establish a likelihood of future persecution based on the birth of their child in the United States. While evidence in the record tends to show that a parent may be subject to economic and administrative sanctions if they violate the family planning policy, and that physical coercion is reported in some areas, the petitioners have not indicated that Fujianese authorities subject violators of the family planning policy to treatment that rises to the level of persecution. *See Jian*

---

2. We reject the government's argument that the petitioners have waived their withholding of removal claim in their brief to this Court. At the outset of their brief, the petitioners clearly state their challenge to the IJ's denial of their application for withholding of removal. Moreover, the petitioners' brief is largely devoted to their assertion that they suffered past persecution, and that they face sterilization upon return to China—facts and arguments relevant to both their asylum and withholding claims. Accordingly, we find that they have sufficiently preserved their withholding claim for review before this Court.

3. Any claim based solely on the abortion of Pan's former "wife" is unavailing. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 309–10 (2d Cir.2007) (en banc) (finding that the spouses or partners of persons who have been forced to submit to abortions or sterilization procedures are not automatically eligible for asylum; rather, they must establish that they have been or will be persecuted for demonstrating "other resistance" to the coercive population control program), *cert. denied* —— U.S. ——, 128 S.Ct. 2472, 171 L.Ed.2d 766 (2008).

*Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006); *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Petitioners' reliance on documents that are not in the record to argue that they would be subject to persecutory treatment because of their U.S.-born child, is also unavailing. We will not remand a case to the BIA for the consideration of additional evidence that was not in the record before it. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 270–71 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DENIED as moot.