**XIU FENG ZOU, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 09–1540.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 4, 2010.

Opinion filed: Feb. 8, 2010.

█

---

H. Raymond Fasano, Esq., Madeo & Fasano, New York, NY, for Petitioner.

Nancy E. Friedman, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Andrew J. Oliveira, Esq., Joan E. Smiley, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges.

## OPINION

### PER CURIAM.

Xiu Feng Zou petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") final order of removal. For the reasons that follow, we will dismiss her petition for review.

Zou, a native and citizen of China, entered the United States in May 2005 without a valid entry document. She was placed into removal proceedings and, in response, sought asylum, withholding of removal and relief under the Convention Against Torture. Following a hearing, the IJ denied relief, determining that Zou's testimony was not credible and that she failed to provide sufficient supporting documentation. The BIA agreed and dismissed the appeal. Zou filed a petition for review and a motion for a stay of removal. The Attorney General opposed the motion to stay and requested that the petition for review be dismissed.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252. In her petition for review, Zou, through counsel, raises only one claim: that the IJ failed to forward her asylum application to the State Department in contravention of 8 C.F.R. § 208.11, thereby preventing her from corroborating her claim based on the State Department's observations. She maintains that we therefore have no option but to grant the petition for review and remand for further proceedings. However, as Zou concedes, this claim was not presented to the IJ or the BIA, and, therefore, is unexhausted. Due to Zou's failure to exhaust this claim, we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *see also Kibinda v. Attorney Gen.,* 477 F.3d 113, 120 n. 8 (3d Cir.2007) (requiring that petitioner raise and exhaust remedies as to each claim or ground for relief before the BIA or IJ in order to preserve claim for petition for review); *Joseph v. Attorney Gen.,* 465 F.3d 123, 126 (3d Cir.2006) ("An alien must exhaust all administrative remedies available to him as of right before the BIA as a prerequisite to raising a claim before this Court.").[1]

Based on the foregoing, we will dismiss the petition for review for lack of jurisdiction. Zou's motion for a stay of removal is denied.

---

1. Zou argues that, despite her failure to present this claim to the BIA, this Court should consider it to avoid "a manifest injustice." The cases she cites do not support this position and, even if they did, the record reflects that the IJ did in fact submit her asylum application to the State Department. (A.R. 293.) Thus, even if we were to determine that some equitable exception applied, her claim would be without merit. Additionally, we note that Zou's attorney has raised this argument several times in the past without success. *See, e.g., Kai–Rui Pan v. Mukasey,* 314 Fed.Appx. 328, 329 (2d Cir.2008); *Ilic v. Attorney Gen.,* 276 Fed.Appx. 182, 185 (3d Cir. 2008); *Ljubanovic v. Attorney Gen.,* 270 Fed. Appx. 129, 131–32 (3d Cir.2008); *Ghilduta v. Mukasey,* 263 Fed.Appx. 111, 112 (2d Cir. 2008); *Tchernycheva v. Attorney Gen.,* 230 Fed.Appx. 231, 236 (3d Cir.2007).